# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH K. KNIGHT, | 1:11-cv-00316-OWW-DLB (HC) |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| JAMES A YATES, | [Doc. 1] |
| Respondent. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on February 9, 2011. Petitioner challenges the California court decisions upholding an June 3, 2009, decision of the California Board of Parole Hearings. Petitioner claims the California courts unreasonably determined that there was some evidence he posed a current risk of danger to the public if released.

Because California's statutory parole scheme guarantees that prisoners will not be denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause. Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir. 2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), *rev'd*, Swarthout v. Cooke, ___ U.S.___, 131 S.Ct. 859 (2011). The Ninth Circuit instructed reviewing federal

1  district courts to determine whether California's application of California's "some evidence" rule
2  was unreasonable or was based on an unreasonable determination of the facts in light of the
3  evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.
4     On January 24, 2011, the Supreme Court issued a *per curiam* opinion in Swarthout v.
5  Cooke, ___ U.S.___, 131 S.Ct. 859 (2011).  In Swarthout, the Supreme Court held that "the
6  responsibility for assuring that the constitutionally adequate procedures governing California's
7  parole system are properly applied rests with California courts, and is no part of the Ninth
8  Circuit's business."  Id. at 863.  The federal habeas court's inquiry into whether a prisoner denied
9  parole received due process is limited to determining whether the prisoner "was allowed an
10 opportunity to be heard and was provided a statement of the reasons why parole was denied." Id.
11 at 862, *citing*, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16
12 (1979).  Review of the instant case reveals Petitioner was present at his parole hearing, was given
13 an opportunity to be heard, and was provided a statement of reasons for the parole board's
14 decision. (See Pet. Ex. A.)  Per the Supreme Court, this is "the beginning and the end of the
15 federal habeas courts' inquiry into whether [the prisoner] received due process." Swarthout, 131
16 S.Ct. at 862.  "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.
17 Therefore, the instant petition does not present cognizable claims for relief and should be denied.

**RECOMMENDATION**

19    Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas
20 corpus be DENIED.
21    This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill,
22 United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)
23 and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District
24 of California.
25    Within thirty (30) days after date of service of this Findings and Recommendation, any
26 party may file written objections with the Court and serve a copy on all parties.  Such a document
27 should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies
28 to the Objections shall be served and filed within fourteen (14) days after date of service of the

1 Objections. The Finding and Recommendation will then be submitted to the District Court for
2 review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are
3 advised that failure to file objections within the specified time may waive the right to appeal the
4 Order of the District Court. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

6     IT IS SO ORDERED.
7     Dated:   **April 4, 2011**                **/s/ Dennis L. Beck**
                                                      UNITED STATES MAGISTRATE JUDGE